IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| VICTOR CHARLES FOURSTAR, JR., <br><br> Plaintiff, <br><br> vs. <br><br> WOLF POINT CITY POLICE DEPARTMENT, et al., <br><br> Defendants. | Cause No. CV 20-01-GF-SPW <br><br><br> ORDER |
| VICTOR CHARLES FOURSTAR, JR., <br><br> Plaintiff, <br><br> vs. <br><br> PETER BLUDWORTH, et al., <br><br> Defendants. | Cause No. CV 21-13-GF-SPW <br><br><br> ORDER |

On January 11, 2022, Plaintiff Fourstar was ordered to state whether he intended to proceed with each of these actions. *See* Orders (20-01 Doc. 17; 21-13 Doc. 9). He failed to respond. Although Fourstar has generally alerted the Court to changes of address, he was released from the custody of the Federal Bureau of Prisons on October 29, 2021. *See* Inmate Locator, https://www.bop.gov/inmateloc

1

(accessed Feb. 10, 2022). He has not provided a current mailing address since his release.

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action. The Court may dismiss a case on its own motion without awaiting a defense motion. *See, e.g., Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

In considering dismissal, a court must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants or respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)); *see also Tillman v. Tillman*, 825 F.3d 1069, 1074 (9th Cir. 2016) (applying *Pagtalunan*).

The first factor generally favors dismissal, and the fifth generally counsels against it. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1990); *Pagtalunan*, 291 F.3d at 643 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). No special considerations suggest these factors should be viewed differently in this case. The Court will consider factors two, three, and

four.

*Docket Management.* In each case, the Court has expended significant resources in screening Fourstar's pleadings and determining whether he has stated a claim on which relief may be granted or might amend his pleading to do so. It would be required to do the same again to determine whether Fourstar's amended pleadings cured the initial pleadings' defects. The Court's time and resources should be directed to litigants who maintain a current mailing address. Fourstar has consistently done so in his many cases in the past. He is no longer doing so. These cases, therefore, interfere with and take time away from cases filed by other litigants who are still actively monitoring and participating in the lawsuits they have filed. The second factor, concerning docket management, weighs in favor of dismissal. *See Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 990).

*Prejudice.* Plaintiff's abandonment of the action interferes with Defendants' ability to investigate and defend against his allegations. The third factor weighs in favor of dismissal. *See Pagtalunan*, 291 F.3d at 642 (citing *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)).

*Alternatives.* No viable alternatives to dismissal appear. Fourstar has filed numerous actions and knows how to proceed. He has abandoned these actions. An action cannot proceed without a plaintiff. This factor weights in favor of dismissal.

Courts exist to resolve disputes on the merits. This factor favors continuing on to another screening of Fourstar's pleadings. But he has essentially abandoned these actions. All four of the other *Pagtalunan* factors counsel dismissal. On balance, the *Pagtalunan* factors support dismissal.

Because Fourstar has abandoned the actions, any appeal from this disposition would not be taken in good faith.

Accordingly, IT IS ORDERED:

1. These matters are DISMISSED for failure to prosecute.

2. The clerk shall enter in each case, by separate document, a judgment of dismissal.

3. The Court CERTIFIES that any appeal from this disposition would not be taken in good faith, as Fourstar has abandoned the actions.

DATED this 10th day of February, 2022.

Susan P. Watters
United States District Court